UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ORAL EASTMAN,

                Petitioner,

  -against-

SUPERINTENDENT THOMAS POOLE,

                Respondent.
---------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

07 CV 1423 (CBA)

AMON, United States District Judge:

      Petitioner Oral Eastman ("Eastman") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on April 2, 2007. The petition raises only one claim, that his arrest violated the Fourth and Fourteenth Amendments because probable cause was lacking, and therefore that the evidence seized during the search incident to that arrest was improperly admitted at trial. For the reason's stated herein, the petition is denied.

## I.    Background

      Eastman was arrested on suspicion of prostitution-related activities on January 19, 2003 and was searched incident to the arrest. The search revealed, among other items, nine boxes containing three condoms each and five loose condoms. A pretrial Mapp hearing was conducted to determine the admissibility of these items. At the close of the hearing, the court ruled that there had been probable cause to make the arrest and therefore that the fruits of the search incident to that arrest, including the condoms, were admissible.

      On June 17, 2003, Eastman was found guilty after a jury trial of five counts of Promoting Prostitution in the Second Degree, five counts of Promoting Prostitution in the Third Degree, and one count of Endangering the Welfare of a Child. He was sentenced on July 9, 2003 to five

1

concurrent prison terms of six to twelve years on the Second Degree Promoting Prostitution counts, five terms of three to seven and-a-half years on the Third Degree Promoting Prostitution Counts, and one year on the Endangering the Welfare of a Child count. Eastman filed his direct appeal through counsel in October 2005.[1] The issue raised on appeal was precisely the Fourth Amendment issue raised here—in fact, Eastman has attached that brief to his habeas petition and has incorporated its arguments by reference. (Petition at 6, 7.) On September 19, 2006, the Appellate Division denied Eastman's appeal, holding that while he was arrested without probable cause, the admission of the fruits of the illegal search incident to arrest were harmless error. The New York Court of Appeals denied Eastman's application for leave to appeal on January 10, 2007. He then filed the instant petition.

## II. Discussion

Eastman asserts in his petition that his Fourth and Fourteenth Amendment rights were violated by his arrest without probable cause, and that the Appellate Division was wrong to find that this was a harmless error in light of the trial record. (Petition at 6.) Because the Court is precluded from reviewing Eastman's claim, the petition is denied.

The Supreme Court has held that "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465,

---

[1] Apparently, prior to his direct appeal, Eastman filed a *pro se* motion to set aside his sentence on the grounds he had mistakenly been adjudicated a second felony offender at sentencing. This motion was denied in January of 2004 and the Appellate Division denied leave to appeal the decision.

2

482 (1976). The focus of this standard is on the word "opportunity," as the state is only required to make a statutory mechanism for challenge available. See McPhail v. Warden, Attica Correctional Facility, 707 F.2d 67, 69 (2d Cir. 1983).

In the wake of Powell, the Second Circuit developed a test "to discern whether a state prisoner has been denied an opportunity for full and fair litigation of his fourth amendment claims." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (citing Gates v. Henderson, 568 F.2d 830 (2d Cir. 1977). The court held that "review of fourth amendment claims in habeas petitions would be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Id. (emphasis added). Correctness in the outcome of the state proceeding is not the focus of this inquiry, and "a petitioner cannot gain federal review of a fourth amendment claim simply because the federal court may have reached a different result." Id. at 71.

In this case, Eastman has based his petition squarely on a Fourth Amendment claim. That claim was the subject of a Mapp hearing prior to trial and was litigated fully on appeal. Federal courts have approved of New York's procedure for litigating Fourth Amendment claims. See Id. at 70 n.1 (citing cases and secondary authority). There is no basis to conclude that an unconscionable breakdown of these processes occurred in this case. Instead of arguing that he was not afforded an adequate opportunity to litigate his claim pursuant to Powell, Eastman argues in his reply that admission of the evidence was not "harmless error" as the Appellate Division held. However, this ruling was simply a part of the resolution of his Fourth

Amendment claim, and as such does not provide a basis for habeas relief under Powell. Moreover, even if the Appellate Division's decision could be read to suggest that the admission of the evidence implicated some other constitutional right, its decision that the error was harmless was not an "unreasonable application" of clearly established federal law. See 28 U.S.C. § 2254(d)(1).

**III. Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus is denied. As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
October   , 2007

CAROL B. AMON
United States District Judge